## AS TO IRREGULARITY IN THE METHOD OF AMENDMENT.

Circuit Court of Cuyahoga County.

MRS. ALBERT BRAY v. T. D. BROWN ET AL.

Decided, November 18, 1907.

*Pleading—Amendment of Pleading by Erasure—Default Not Set Aside for Slight Irregularity—Default Set Aside after Term by Petition Only—Jury Unnecessary to Assess Damages by Default in Actions Ex Delicto.*

1. The amendment of a petition, without notice to defendant, by the erasure of certain words, after the court has ordered them stricken out, is not such an irregularity as to furnish grounds for setting aside a judgment rendered upon such petition after the defendant became in default.

2. A default judgment alleged to have been fraudulently secured, can not be set aside at a subsequent term by motion; the application must be by petition.

3. Where an action is *ex delicto* and the defendant is in default of an answer or pleading and the plaintiff appears and submits his case to the court upon the petition and evidence, the court has power to fix the amount of damages without the intervention of a jury.

*J. A. Fenner,* for plaintiff in error.
*J. J. McCormick,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

The original action was begun in the court of a justice of the peace whence it was appealed to the court of common pleas. There Mrs. Bray filed her petition, November 19, 1906, to recover damages for injury to household goods, caused by the negligence of the defendants in whose custody, as warehousemen, the same had been placed. A motion to strike from her petition words indicating that she had prevailed in the justice's court was granted February 8, 1907, and on February 13, 1907, she was permitted to and did amend her petition by erasing therefrom the words previously ordered to be stricken out. This was done without any notice of the application having been given to the defendants, and without refiling the petition. The defend-

ants then had no pleading on file, nor had they filed any answer or demurrer when, on March 25, 1907, a day in the January term, the following order was entered upon the journal:

"This cause came on to be heard on the petition and evidence, the defendant being in default of answer or demurrer, and was submitted to the court; on consideration thereof, the court find for the plaintiff and assess her damages in the sum of one hundred and fifty dollars ($150). It is therefore considered that said plaintiff recover of said defendants her said damages and also her costs herein. Judgment is rendered against the defendants for their costs herein."

Nothing further was done in the case until the April term, when a motion to vacate said judgment was filed on April 11, 1907. Said motion came on for hearing in the July term of said court, and was granted July 26th, 1907. The grounds alleged for said motion were:

"Said judgment was secured here erroneously on the part of the plaintiff unknown to defendants, in that, without consent of or notice to defendants, she procured an order to, and did amend her petition upon which said judgment was based; that said judgment was obtained in a material part by false testimony on the part of plaintiff, which ordinary prudence on the part of defendants could not have guarded against or anticipated; that the amount of unliquidated damages were ascertained and fixed without the intervention of a jury."

This proceeding in error was begun to reverse the order of the court of common pleas granting said motion and vacating said judgment.

As to the first of said grounds, it is suggested that the rules of the common pleas court required notice to the opposite party of plaintiff's application to amend her petition, but no such rule of the common pleas court is brought into the record by the bill of exceptions; we are, therefore, left entirely to conjecture as to its existence. If we could presume in support of the action of the court below in vacating its own judgment that if it found irregularity in a violation in this respect of its own rules, of which it would of course take judicial notice, still we fail to see how such an irregularity in respect in obtaining the judgment

which was subsequently vacated. The judgment can not be deemed to be in any sense the effect or consequence of such irregularity. It is true that the defendants were not in default after the granting of the motion to the petition until the objectionable matter was stricken therefrom, as required by the court. This requirement could, however, be complied with by the plaintiff at any time without leave of court or notice to the defendant, by the filing of an amended petition. The plaintiff preferred to and did accomplish the same object in another and perhaps irregular manner, but of the action taken, whether regular or irregular, the defendants were bound to take notice precisely as of the filing of an amended petition.

For a month and twelve days after the petition was thus amended, no further action was taken. The defendants became in default for answer, and the cause being thereafter taken up for trial and disposed of, such disposition was in no wise affected by the prior irregularity, if any there was.

As to the second ground assigned in the motion to vacate, to-wit: that the judgment "was obtained in a materal part by false testimony on the part of the plaintiff," it is sufficient to say that that averment, if true, would amount to neither more nor less than an allegation of fraud practiced by the successful party in obtaining the judgment. This is a ground for vacating a judgment as provided by paragaph 4, Section 5354, Revised Statutes. It can not, however, be asserted after term by motion, but only as provided by Section 5358, Re2vised Statutes, by petition (*Ralston et al* v. *Wells,* 49 Ohio St., 298). The application in this case was not by petition but by motion, and hence this ground could not properly be asserted or considered.

The third ground of the motion to vacate, to-wit: "that the amount of unliquidated damages were ascertained and fixed without the intervention of a jury," is founded upon Section 5130, Revised Statutes, which provides that:

"Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial be waived," etc.

Section 5081, Revised Statutes, provides that "allegations of value, or of amount of damages, shall not be considered as true by failure to controvert them."

By Section 5204, Revised Statutes, it is provided that:

"In actions arising on a contract the trial by jury may be waived by the parties, and in other actions with the assent of the court, in the following manner:
"1.   By the consent of the party appearing, when the other party fails to appear at the trial by himself or attorney."

The action below was not an action *ex contractu* but an action *ex delicto* founded upon a breach of the common law duty of a bailee for hire.   It falls, therefore, within the class of "other actions" where a jury may be waived by the parties "with the assent of the court."   This distinction, it may be said parenthetically, appears to have been made by the Legislature to the end that the court may not, without its assent, be compelled to undertake the assessment of damages in actions of tort, where the elements of damages are incapable of mathematical calculation in terms of money.

The question of irregularity hinges upon whether a waiver of jury trial in the manner provided by Section 5204, Revised Statutes, is to be inferred from the journal entry of judgment in this case, as already quoted.   We do not think that Section 5320, Revised Statutes, providing how damages may be assessed upon default can have any application to authorize the assessment of damages by the court in a case where the Constitution guarantees a jury trial, and such jury trial has not been waived.

In *Bonewitz* v. *Bonewitz*, 50 Ohio State, 373, the first two paragraphs of the syllabus are as follows:

"1.   A party may waive his right to a jury trial by acts as well as by words.
"2.   And where, in a case of which the court of common pleas having jurisdiction of the parties, may also, by consent, acquire jurisdiction to try the cause without a jury, the record shows that the parties appeared, and neither demanded nor waived a jury, but without objection submitted the cause to the court upon the pleadings, evidence and argument of counsel, it is not error for the court to proceed to final judgment in the case."

The journal entry of judgment in this case, expressly discloses that "the cause came on to be heard on the petition and evidence, the defendant being in default of answer or demurrer, and was submitted to the court." This was an affirmative act by the party or parties before the court amounting to a waiver of a jury and the choice, instead, of the trial judge as the tribunal for the assessment of damages. The journal does not disclose whether both parties were present, or only the plaintiff; but in either case the submission by all present was complete, when made effectual by the assent of the court. Such assent is implied in the very fact of the court's finding for the plaintiff, assessing her damages and rendering judgment. There was thus, no irregularity in ascertaining the amount which plaintiff was entitled to recover without the intervention of a jury.

Inasmuch therefore as the record affirmatively shows that the judgment complained of was not secured by either of the alleged irregularities relied on, the court of common pleas was without authority to vacate its own judgment after the term at which it was rendered, and for its error in so doing, its order of vacation will be reversed, and this court proceeding to render the judgment which the court below should have rendered, overruled the motion to vacate, thereby restoring the original judgment.